KATHERINE CHILTON. State Bar No. 129518
*Kate.chilton@warnerbros.com*
WAYNE M. SMITH. State Bar No. 116247
4000 Warner Blvd., Building 156-S, Rm 5104
Burbank, California 91522
Telephone: (818) 954-6845
Facsimile: (818) 954-6387

Attorneys for Defendants
WARNER BROS. ENTERTAINMENT INC.
and ENESCO, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ZACK WARD,

Plaintiff,

v.

WARNER BROS. ENTERTAINMENT INC. and ENESCO, LLC,

Defendants.

Case No. CV 11-06749-PLA

**ANSWER OF DEFENDANTS WARNER BROS. ENTERTAINMENT INC. AND ENESCO, LLC**

Complaint Served: August 17, 2011

Defendants Warner Bros. Entertainment Inc. and Enesco, LLC ("Warner/Enesco") hereby answer the Complaint of plaintiff Zack Ward ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis deny each and every allegation contained therein.

**JURISDICTION AND VENUE**

2. Defendants deny that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332 and 1338(a) and (b). Defendants admit that this Court has jurisdiction over a Lanham Act claim under Section 43(a), but otherwise Defendants deny, generally and specifically, each and every remaining allegation contained in Paragraph 2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis deny each and every allegation contained therein

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis deny each and every allegation contained therein.

**PARTIES**

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis deny each and every allegation contained therein.

6. Warner admits that Warner Bros. Entertainment Inc. is a Delaware corporation with its principal place of business located at 4000 Warner Blvd., Burbank, California 91522. Except as expressly admitted herein, Warner denies, generally and specifically, each and every remaining allegation contained in Paragraph 6 of the Complaint. Enesco lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7. Enesco admits that Enesco LLC is a limited liability company with its principal place of business at 225 Windsor Dr., Itasca, Illinois 60143. Except as expressly admitted herein, Enesco denies, generally and specifically, each and every remaining allegation contained in Paragraph 7 of the Complaint. Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis deny each and every allegation contained therein.

9. Warner admits that Plaintiff entered into an agreement with Christmas Tree Films, Inc. on or about January 10, 1983, pursuant to which plaintiff agreed to play the character Scut Farkas in a motion picture entitled "A Christmas Story." Except as expressly admitted herein, Warner denies, generally and specifically, each and every remaining allegation contained in Paragraph 9 of the Complaint. Enesco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies each and every allegation contained therein.

10. To the extent that the allegations in Paragraph 10 of the Complaint refer to a written document, the content of said document speaks for itself. Except as expressly admitted herein, Warner denies, generally and specifically, each and every remaining allegation contained in Paragraph 10 of the Complaint. Enesco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies each and every allegation contained therein.

11. To the extent that the allegations in Paragraph 11 of the Complaint refer to a written document, the content of said document speaks for itself. Except as expressly admitted herein, Warner denies, generally and specifically, each and ever remaining allegation contained in Paragraph 11 of the Complaint. Enesco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.

12. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 12 of the Complaint. Enesco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the Movie currently attracts a large number of viewers when broadcast on television, but Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis deny each and every allegation contained therein.

14. To the extent that the allegations in Paragraph 14 of the Complaint refer to a written document, the content of said document speaks for itself. Except as expressly admitted herein, Defendants deny, generally and specifically, each and ever remaining allegation contained in Paragraph 14 of the Complaint.

15. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 15 of the Complaint. Enesco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 16 of the Complaint. Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

17. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 16 of the Complaint.

19. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 16 of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis deny each and every allegation contained therein.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis deny each and every allegation contained therein.

22. To the extent that the allegations in Paragraph 22 of the Complaint refer to written communications between Plaintiff and Defendants, Defendants admit that Plaintiff sent Enesco a letter on or about November 30, 2010, the content of which speaks for itself. Except as expressly admitted herein, Defendants deny, generally and specifically, each and ever remaining allegation contained in Paragraph 22 of the Complaint.

23. To the extent that the allegations in Paragraph 23 of the Complaint refer to written communications between Plaintiff and Defendants, Defendants admit that Warner Bros. sent Plaintiff's counsel a letter on or about December 13, 2010, the content of which speaks for itself. Except as expressly admitted herein, Defendants deny, generally and specifically, each and ever remaining allegation contained in Paragraph 23 of the Complaint.

24. Defendants admit that Warner Bros. sent Plaintiff's counsel a letter on or about December 13, 2010, the content of which speaks for itself. Except as expressly admitted herein, Defendants deny, generally and specifically, each and ever remaining allegation contained in Paragraph 24 of the Complaint.

25. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 26 of the Complaint.

**COUNT I**

27. To the extent that Plaintiff incorporates by reference each and every allegation of Paragraphs 1-26 as though fully set forth herein, Defendants incorporate by reference each and every response to Paragraphs 1-26 as though fully set forth herein.

28. Plaintiff is quoting a statute, to which no response by Defendants is required. To the extent that any response is required, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 32 of the Complaint.

**COUNT II**

33. To the extent that Plaintiff incorporates by reference each and every allegation of Paragraphs 1-32 as though fully set forth herein, Defendants incorporate by reference each and every response to Paragraphs 1-32 as though fully set forth herein.

34. Plaintiff is quoting a statute, to which no response by Defendants is required. To the extent that any response is required, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 34 of the Complaint.

35. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 35 of the Complaint.

36. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 36 of the Complaint.

## COUNT III

37. To the extent that Plaintiff incorporates by reference each and every allegation of Paragraphs 1-36 as though fully set forth herein, Defendants incorporate by reference each and every response to Paragraphs 1-36 as though fully set forth herein.

38. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 38 of the Complaint.

39. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 39 of the Complaint.

40. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 40 of the Complaint.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint, and each purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Defendants, or each of them.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Plaintiff's claims are barred by the statutes of limitation set forth in C.C.P. §§338 and 339.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

3. The Complaint, and each purported claim for relief therein, is barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4. The Complaint, and each purported claim for relief therein, is barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5. The Complaint, and each purported claim for relief therein, is barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

6. Due to the lack of information as to matters set forth in the Complaint, Defendants have insufficient knowledge or information on which to form a belief as to whether they have additional, as yet unstated, defenses available, and Defendants therefore reserve the right to assert additional defenses in the event that discovery indicates they are proper.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing and be afforded no relief;

2. That Plaintiff's claims be dismissed with prejudice in their entirety and judgment be entered in favor of Defendants;

3. That Defendants be awarded their costs and expenses incurred in this action, including their reasonable attorneys' fees incurred in this action; and

4. For all other relief as the Court may deem just and proper.

DATED: October 4, 2011

Respectfully submitted,

WARNER BROS. ENTERTAINMENT INC.
Katherine Chilton
Wayne M. Smith

By [signature]
KATHERINE CHILTON
Attorney for Defendants
WARNER BROS. ENTERTAINMENT INC. and ENESCO, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who has consented to electronic service are being served with a copy of the foregoing document via the Central District of California CM/ECF system on October 4, 2010.

Katherine Chilton